IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CLEVELAND INTEGRITY SERVICES, Inc., and,<br>2. RANDY BYERS,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>1. ENGLOBAL CORPORATION,<br>2. ENGLOBAL CONSTRUCTION RESOURCES, INC.,<br><br>　　　　Defendants. | Case No.  11-CV-467-CVE-PJC<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Cleveland Integrity Services, Inc. ("Cleveland Integrity") and Randy Byers ("Byers"), for their complaint against defendants ENGlobal Corporation ("ENGlobal") and ENGlobal Construction Resources, Inc. ("ENGlobal Construction"), allege and state as follows:

### JURISDICTION AND THE PARTIES

1.　　This action involves certain federal statutory questions and claims arising under the laws of the United States. This Court has original and supplemental jurisdiction without regard to the amount in controversy pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 2201 and 15 U.S.C. § 1121.

2.　　Defendant ENGlobal is a Texas corporation with its principal offices in Houston, Texas. Defendant ENGlobal is subject to this Court's personal jurisdiction as it transacts business in this judicial district and has offices located in this judicial district. Personal jurisdiction over defendant ENGlobal comports with the requirements imposed by the United States Constitution.

3. Defendant ENGlobal Construction is a Texas corporation with its principal offices in Houston, Texas. Defendant ENGlobal Construction is a wholly owned subsidiary of Defendant ENGlobal and is subject to this Court's personal jurisdiction as it transacts business in this judicial district and has offices located in this judicial district. Personal jurisdiction over defendant ENGlobal Construction comports with the requirements imposed by the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)(2) as this is a judicial district in which a substantial part of the events giving rise to this action occurred. Venue is also proper in this judicial district under 28 U.S.C. § 1391 (c) as defendants ENGlobal and ENGlobal Construction are subject to personal jurisdiction in this judicial district and are deemed to reside in this judicial district for venue purposes.

5. Plaintiff Cleveland Integrity is an Oklahoma corporation with its home office located within this judicial district.

6. Plaintiff Cleveland Integrity's home office is located in the Town of Cleveland, State of Oklahoma.

7. Plaintiff Byers is a resident of the State of Oklahoma, who resides within this judicial district.

8. Plaintiff Byers is the corporate president of plaintiff Cleveland Integrity.

BACKGROUND FACTS GIVING RISING TO THE PRESENT CONTROVERSIES

9. Plaintiff Cleveland Integrity is engaged in the pipeline inspection business.

10. Plaintiff Cleveland Integrity uses the initials "CIS" in its logo and on other business materials and has done so since its incorporation.

11. Plaintiff Cleveland Integrity applied for registration of its logo, which uses the

initials "CIS", as a Federal Trademark with the US Patent and Trademark Office on February 16, 2011.

12.    Plaintiff Cleveland Integrity has used the initials "CIS" in its logo and other business materials and has done so continuously since its incorporation.

13.    Approximately seven years ago, prior to the filing of this Complaint, in September, 2004, Cleveland Inspection Services, Inc., an Oklahoma corporation, CIS Technical Services, Inc., an Oklahoma corporation, and F.D. Curtis, an Oklahoma resident, entered into an Asset Purchase Agreement with ENGlobal Construction.

14.    Included in the assets purchased in 2004 by ENGlobal Construction from Cleveland Inspection Services, Inc., an Oklahoma corporation, CIS Technical Services, Inc., an Oklahoma corporation, and F.D. Curtis was the name "Cleveland Inspection Services, Inc.", together with any logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc."

15.    Immediately after purchase in September, 2004 of the name "Cleveland Inspection Services, Inc.", together with any logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc.", defendants ENGlobal and ENGlobal Construction abandoned all use of the name "Cleveland Inspection Services, Inc.", and abandoned all logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc." with the intent not to resume such use.

16.    Immediately after purchase in September, 2004 of the name "Cleveland Inspection Services, Inc.", defendants ENGlobal and ENGlobal Construction intentionally stopped using the name "Cleveland Inspection Services, Inc." with the intent not to resume such use.

17. Immediately after purchase in September, 2004 of the name "Cleveland Inspection Services, Inc.", defendants ENGlobal and ENGlobal Construction intentionally allowed the federal trademark registration for all logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc." to lapse.

18. Immediately after purchase in September, 2004 of the name "Cleveland Inspection Services, Inc.", defendants ENGlobal and ENGlobal Construction specifically instructed their employees to "distance" all ENGlobal business units from the name "Cleveland Inspection Services, Inc.", together with any logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc." and to "disown" any possible link between ENGlobal and the name "Cleveland Inspection Services, Inc.", together with any logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc."

19. Upon information and belief, plaintiffs state that after purchase in September, 2004 of the name "Cleveland Inspection Services, Inc.", together with any logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc.", defendants ENGlobal and ENGlobal Construction did not make required legal filings with the Oklahoma Tax Commission for Cleveland Inspection Services, Inc.

20. Defendants ENGlobal and ENGlobal Construction have never exhibited any bona fide use in the ordinary course of trade of the name "Cleveland Inspection Services, Inc".

21. Defendants ENGlobal and ENGlobal Construction have never exhibited any bona fide use in the ordinary course of trade of any logos, trademarks, and trade names used in association with the name "Cleveland Inspection Services, Inc."

22. Defendants ENGlobal and ENGlobal Construction have never exhibited any bona

fide use in the ordinary course of trade of any logo containing the initials "CIS".

23. On or about May 23, 2011, defendant ENGlobal sent a demand letter to plaintiff Byers and plaintiff Cleveland Integrity, which is attached hereto as Exhibit "A". In the attached Exhibit "A", defendant ENGlobal makes the following claims:

(a) plaintiff Cleveland Integrity has no right to use a logo containing the initials "CIS";

(b) plaintiff Cleveland Integrity's use of a logo containing the initials "CIS" is a violation of the intellectual property rights of defendant ENGlobal;

(c) the name Cleveland Integrity Services, Inc. is so similar to the name Cleveland Inspection Services as to constitute false association, false designation of origin and/or false advertising under the Lanham Act;

(d) plaintiff Cleveland Integrity's use of a logo containing the initials "CIS" constitutes trademark and trade name infringement, creates unfair competition, and/or other actionable wrongs under state and federal law; and

(e) plaintiff Cleveland Integrity's use of the name Cleveland Integrity Services, Inc. constitutes trademark and trade name infringement, creates unfair competition, and/or other actionable wrongs under state and federal law.

24. In the May 23, 2011 letter, defendant ENGlobal made the following demands on plaintiffs:

(a) cease using any logo containing the initials "CIS" and delete the logo from plaintiff Cleveland Integrity Services, Inc.'s website, correspondence, marketing materials, and any other similar uses;

(b) cease using the name Cleveland Integrity Services;

(c) cease contact with any previous ENGlobal customer, supplier or agent;

(d) return some property asserted to be the property of ENGlobal and destroy certain property asserted to be the property of ENGlobal; and

(e) sign a sworn affidavit concerning such return and destruction of property asserted to the property of ENGlobal.

25. Defendant ENGlobal closed the May 23, 2011 letter with a threat to "enforce our rights".

26. On or about June 17, 2011, counsel for plaintiffs had a telephone conversation with counsel for defendants in an effort to resolve the current controversies. Counsel for the parties were unable to resolve their differences and counsel for defendants stated that defendants "would see you (plaintiffs) in court".

## COUNT ONE – DECLARATORY JUDGMENT

27. Plaintiffs repeat and re-allege paragraphs one through twenty-six as if fully rewritten here.

28. As of the date of this filing, defendants ENGlobal and ENGlobal Construction are free to act on their previously stated intention to file suit against plaintiff Cleveland Integrity seeking to halt plaintiff from engaging in its business and in use of the its name and logo. Plaintiff Cleveland Integrity is therefore under a reasonable apprehension that it will face lawsuits for an infringement action if plaintiff Cleveland Integrity continues the marketing and sale of pipeline inspection services under its incorporated name or by using a logo containing the initials "CIS". Defendants' previously expressed sentiment to "see you in court" and initiate litigation against plaintiff Cleveland Integrity has jeopardized plaintiff's continued ability to market, distribute, sell, advertise and promote its pipeline inspection services under its name and

its logo, and poses a grave threat to its investments in its name and logo. Thus, there is at present an actual controversy between the parties that threatens to seriously injure, damage and impair plaintiff's valuable trademark rights.

29.  An actual justiciable controversy exists between plaintiff Cleveland Integrity and defendants ENGlobal and ENGlobal Construction that warrants the issuance of a judgment declaring that plaintiff Cleveland Integrity has the right to use the name in Cleveland Integrity Services, Inc. and the right to use the initials "CIS" in its logo.

30.  Defendants ENGlobal and ENGlobal Construction claim that plaintiff Cleveland Integrity's use of the name Cleveland Integrity Services, Inc. and a logo containing the initials "CIS" infringes or otherwise violates defendants' alleged trademark or other intellectual property rights.

31.  Plaintiff Cleveland Integrity's use of the name Cleveland Integrity Services, Inc. and a logo containing the initials "CIS" does not infringe or otherwise violate defendants' alleged trademark or other intellectual property rights.

32.  Plaintiff Cleveland Integrity is entitled to a judgment declaring that plaintiff Cleveland Integrity's use of the name Cleveland Integrity Services, Inc. and a logo containing the initials "CIS" does not infringe or otherwise violate defendants' alleged trademark or other intellectual property rights, either under the U.S. Trademark Act of 1946 (the Lanham Act), 15 U.S.C. §§ 1051, *et seq.*, or applicable state law.

## COUNT TWO – DECLARATORY JUDGMENT

33.  Plaintiffs repeat and re-allege paragraphs one through thirty-two as if fully rewritten here.

34.  Plaintiff Byers, subsequent to September, 2004, became an employee of

defendant ENGlobal Construction. As part of his compensation, plaintiff Byers was entitled to a profit sharing bonus to be paid to him by defendant ENGlobal Construction.

35. Prior to March 16, 2009, plaintiff Byers had earned and was owed by defendant ENGlobal Construction a profit sharing bonus in the amount of $ 131,505.00.

36. Defendant ENGlobal Construction refused to pay plaintiff Byers the profit sharing bonus owed to him in the amount of $ 131,505.00 unless he signed a document, titled "Employment Agreement", on or about March 16, 2009. Plaintiff Byers signed the document only after he was denied his profit sharing bonus in the amount of $ 131,505.00 and bonus check for that amount, which he had already earned and had the absolute legal right to receive. Defendant ENGlobal Construction refused to provide plaintiff Byers his earned, accrued, and vested profit sharing bonus in the amount of $ 131,505.00 unless he signed the document. Plaintiff Byers signed the document under coercion and duress and the document was not supported by legal consideration.

37. On or about May 23, 2011, defendants sent a demand letter to plaintiff Byers, which is attached hereto as Exhibit "A". In the attached Exhibit "A", defendants claimed that plaintiff Byers had "breached multiple provisions" of the March 16, 2009, document upon which plaintiff Byers' signature had been fraudulently procured.

38. On or about June 17, 2011, counsel for plaintiffs had a telephone conversation with counsel for defendants in an effort to resolve the current controversies. Counsel for the parties were unable to resolve their differences and counsel for defendants stated that defendants "would see you (plaintiffs) in court".

39. As of the date of this filing, defendants ENGlobal and ENGlobal Construction are free to act on their previously stated intention to file suit against plaintiff Byers for alleged

breach of the March 16, 2009 document. Plaintiff Byers is therefore under a reasonable apprehension that he will face a lawsuit for alleged breach of the March 16, 2009 document if he continues with his usual and ordinary duties as an officer and employee of Plaintiff Cleveland Integrity. Defendants' previously expressed sentiment to "see you in court" and initiate litigation against plaintiff Byers has jeopardized plaintiff's continued ability to work and earn a living. Thus, there is at present an actual controversy between the parties that threatens to seriously injure, damage and impair plaintiff Byer's livelihood.

40. An actual justiciable controversy exists between plaintiff Byers and defendants ENGlobal and ENGlobal Construction that warrants the issuance of a judgment declaring that the March 16, 2009 document is void and unenforceable.

41. Plaintiff Byers is entitled to a judgment declaring that the March 16, 2009 document does not prevent plaintiff Byers from pursuing his usual and ordinary duties as an officer and employee of plaintiff Cleveland Integrity.

WHEREFORE, plaintiff Cleveland Integrity Services, Inc. prays this Court enter a declaratory judgment that plaintiff Cleveland Integrity Services, Inc.'s use of the name Cleveland Integrity Services, Inc. and use of a logo containing the initials "CIS" does not infringe or otherwise violate defendants ENGlobal Corporation and ENGlobal Construction Services, Inc.'s alleged trademark or other intellectual property rights, either under the U.S. Trademark Act of 1946 (the Lanham Act), 15 U.S.C. §§ 1051, *et seq.*, or applicable state law, and for any other relief the Court deems necessary and proper.

WHEREFORE, plaintiff Randy Byers prays this Court enter a declaratory judgment that the March 16, 2009 document is void and unenforceable, the March 16, 2009 document does not prevent plaintiff Randy Byers from pursuing his usual and ordinary duties as an officer and

employee of plaintiff Cleveland Integrity Services, Inc., and for any other relief the Court deems necessary and proper.

By /s/ Jessie V. Pilgrim
Jessie V. Pilgrim OBA #11152
Moyers, Martin, Santee & Imel, LLP
1100 Mid-Continent Tower
401 S. Boston Avenue
Tulsa, Oklahoma 74103
(918) 582-5281

Attorneys for Plaintiffs Cleveland Integrity Services, Inc. and Randy Byers



654 N. Sam Houston Parkway E., Suite 400
Houston, TX 77060-5914
Phone: 281.878.1000
Fax: 281.754.4859

May 23, 2011

<u>Via C.M., R.R.R. No. 7003 1680 0006 9622 5070</u>

Mr. Randy Byers, President
Cleveland Integrity Services, Inc.
P.O. Box 658
Cleveland, OK  74020

Re:  Intellectual Property Rights

Dear Mr. Byers:

I am writing on behalf of ENGlobal Corporation ("ENGlobal") in connection with enforcement of its intellectual property rights.  Pursuant to the Asset Purchase Agreement dated September 28, 2004, ENGlobal's subsidiary, ENGlobal Construction Resources, Inc., now known as ENGlobal U.S., Inc., purchased "All rights in and to the name "Cleveland Inspection Services, Inc." together with any logos, trademarks, trade names, telephone numbers, post office boxes, email addresses, web domain names and other intellectual property used in connection with the business, including specifically the intellectual property rights described in Schedule 1.1.  The logo and Service Mark registered as No. 2,843,084, on May 18, 2004 was listed on Schedule 1.1.

It has come to our attention that you are using the logo for Cleveland Inspection Services in correspondence, on your website, in your e-mail signature and on marketing materials.

The use of the logo constitutes a breach of the asset purchase agreement and theft of intellectual property. Additionally, the use of the logo and the use of the business name Cleveland Integrity Services, which is so similar to the name Cleveland Inspection Services, constitute false association, false designation of origin and/or false advertising under the Lanham Act.  The current display and use of the referenced logo and business name constitutes trademark and trade name infringement, creates unfair competition, and/or other actionable wrongs under state and federal law.  Further, the use dilutes the goodwill and value in the use of ENGlobal's trademarks and could commercially damage ENGlobal's business and reputation.

On March 16, 2009, you also entered into an employment agreement containing provisions that required, among other things, that you retain the confidential matters of the Company in strict confidence and refrain from using confidential information and ENGlobal property, as those terms are defined in the employment agreement for your benefit.  You also agreed not to exploit the personal relationships that you have developed with the customers and suppliers of ENGlobal.  This obligation continued in effect after the Employment Term defined in the employment agreement.  I have included a copy of that agreement for your reference.  Additionally, the employment agreement required that you not directly or indirectly hire or solicit any employee of ENGlobal or encourage any such employee to terminate his employment with ENGlobal.  We have reason to believe that you have breached multiple provisions of the employment agreement both during and after your employment with ENGlobal.



Mr. Randy Byers
May 23, 2011
Page 2

1. **Immediately and permanently** cease the use of the above referenced logo and delete it from your website, correspondence, marketing materials, and any similar usage;

2. **Immediately and permanently** cease using the name Cleveland Integrity Services;

3. **Immediately and permanently** cease contact with any previous ENGlobal customer, supplier or agent; and

4. Pursuant to the terms of the employment agreement, **immediately** return all ENGlobal property in your possession, download into useable format and provide to ENGlobal all such information stored on computers or other electronic storage, and immediately thereafter destroy or permanently delete the information in your possession, and within five days of this written request, provide ENGlobal a sworn affidavit verifying that all such materials have been returned to ENGlobal and/or destroyed.

5. Advise us in writing by June 1, 2011 of your intent to comply with items (1)-(3) of the foregoing demands by executing and returning Page 3 of this letter.

We are optimistic that this matter can be resolved via an amicable business resolution. However, we take this matter very seriously and intend to enforce our rights. If we do not receive a satisfactory response by **June 1, 2011**, then we will assume that you do not wish to amicably resolve this matter and we will proceed accordingly.

In that regard, with the exception of the destruction of the proprietary ENGlobal information described above, you are instructed **not** to destroy any copies of any materials or correspondence related to any of the issues discussed in this letter, as such actions would constitute spoliation of evidence. Any materials on hard drives of computers, such as e-mails and accounting information, should also be preserved since this evidence will be relevant if this matter must be pursued further.

The demands made herein are not made to the exclusion of other rights or remedies to which ENGlobal is entitled, and nothing in this letter, nor any act or omission by ENGlobal, shall be construed as a waiver of any right or remedy possessed by ENGlobal all of which are expressly reserved.

We look forward to your immediate cooperation.

Very truly yours,

*Tami Walker*

Tami Walker
Corporate Vice President and General Counsel

Mr. Randy Byers
May 23, 2011
Page 3

Cleveland Integrity Services and Randy Byers and each and every person or company associated with it, hereby accept and agree to take the steps outlined in Paragraphs numbered (1)-(4) on Page 2 of this correspondence.

Cleveland Integrity Services, Inc.

By: _____

Name: Randy Byers

Title: President

Date: _____