IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CLEVELAND INTEGRITY SERVICES, INC., and <br> (2) RANDY BYERS, <br><br> PLAINTIFFS, <br><br> vs. <br><br> (1) ENGLOBAL CORPORATION, <br> (2) ENGLOBAL CONSTRUCTION RESOURCES, INC., <br><br> DEFENDANTS. | Case No. 11-CV-467-CVE-PJC |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants, ENGlobal Corporation ("ENGlobal") and ENGlobal U.S., Inc. ("ENGlobal U.S.") (ENGlobal and ENGlobal U.S. are collectively referred to as "ENGlobal"), answer Plaintiffs' Complaint as follows:

## JURISDICTION AND THE PARTIES

1. ENGlobal admits the allegations of Paragraph 1 of the Complaint.

2. ENGlobal denies that it is a Texas corporation, but admits the remaining allegations of Paragraph 2 of the Complaint.

3. ENGlobal admits the allegations of Paragraph 3 of the Complaint.

4. ENGlobal admits the allegations of Paragraph 4 of the Complaint.

5. ENGlobal admits that Plaintiff Cleveland Integrity Services, Inc. ("Cleveland Integrity") is an Oklahoma corporation. ENGlobal is without sufficient information to admit or deny the remaining allegations of Paragraph 5 of the Complaint.

6. ENGlobal is without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint.

7. ENGlobal is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint.

8. ENGlobal is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint.

## BACKGROUND FACTS GIVING RISING TO THE PRESENT CONTROVERSIES

9. ENGlobal admits the allegations of Paragraph 9 of the Complaint.

10. ENGlobal admits that Plaintiff uses the initials "CIS" in its logo and on other business materials. ENGlobal is without sufficient information to admit or deny the remaining allegations of Paragraph 10 of the Complaint.

11. Plaintiff is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint.

12. ENGlobal admits that Plaintiff has used the initials "CIS" in its logo and other business materials. ENGlobal is without sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint.

13. ENGlobal admits the allegations of Paragraph 13 of the Complaint.

14. ENGlobal admits the allegations of Paragraph 14 of the Complaint.

15. ENGlobal admits that after the September 2004 purchase, it did not intend to use the name "Cleveland Inspection Services, Inc." or its logos or trademarks because

it removed the logos and trademarks from the marketplace to allow it to rebrand the company. ENGlobal denies the remaining allegations of Paragraph 15 of the Complaint.

16. ENGlobal admits the allegations of Paragraph 16 of the Complaint.

17. ENGlobal admits that it removed the logos and trademarks from the marketplace to allow it to rebrand the company and that the federal mark has lapsed as of December, 2010, but otherwise denies the allegations of Paragraph 17 of the Complaint.

18. ENGlobal admits that it removed the logos, trademarks and trade names from the marketplace to allow it to rebrand the company but otherwise denies the allegations of Paragraph 18 of the Complaint.

19. ENGlobal denies the allegations of Paragraph 19 of the Complaint.

20. ENGlobal admits the allegations of Paragraph 20 of the Complaint except that it affirmatively alleges that its bona fide use of the trade name was a non-use consistent with its rebranding campaign.

21. ENGlobal admits the allegations of Paragraph 21 of the Complaint except that it affirmatively alleges that its bona fide use of the trade name was a non-use consistent with its rebranding campaign..

22. ENGlobal admits the allegations of Paragraph 22 of the Complaint.

23. ENGlobal admits the allegations of Paragraph 23 of the Complaint except insofar as the allegations differ from the words used in Exhibit A to the Complaint.

24. ENGlobal admits the allegations of Paragraph 24 of the Complaint except insofar as the allegations differ from the words used in Exhibit A to the Complaint.

25. ENGlobal denies the allegations of Paragraph 25 of the Complaint.

26. ENGlobal admits that a telephone call occurred but denies the allegations of Paragraph 26 of the Complaint.

## COUNT ONE — DECLARATORY JUDGMENT

27. Paragraph 27 of the Plaintiffs' Complaint contains no allegations to which a response is required.

28. ENGlobal admits there is an actual controversy between the parties but otherwise denies the allegations of Paragraph 28 of the Complaint.

29. ENGlobal admits an actual justifiable controversy exists but denies the remaining allegations of Paragraph 29 of the Complaint.

30. ENGlobal admits the allegations of Paragraph 30 of the Complaint.

31. ENGlobal denies the allegations of Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint requires no response as it is a legal conclusion.

## COUNT TWO — DECLARATORY JUDGMENT

33. Paragraph 33 of Plaintiffs' Complaint contains no allegations to which a response is required.

34. ENGlobal admits the allegations of Paragraph 34 of the Complaint.

35. ENGlobal denies the allegations of Paragraph 35 of the Complaint.

36. ENGlobal denies the allegations of Paragraph 36 of the Complaint.

37. ENGlobal admits that it sent to Plaintiff Byers the demand letter attached to the Complaint as Exhibit A. ENGlobal denies the remaining allegations of Paragraph 37 of the Complaint.

38. ENGlobal denies that counsel for Defendants stated she "would see you in court" but admits the remaining allegations of Paragraph 38 of the Complaint.

39. ENGlobal admits there is an actual controversy between the parties. ENGlobal denies the remaining allegations of Paragraph 39 of the Complaint.

40. ENGlobal admits there is an actual controversy between the parties. ENGlobal denies the remaining allegations of Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint requires no response as it is a legal conclusion.

## COUNTERCLAIMS

In support of their counterclaims against Plaintiffs, ENGlobal alleges and states as follows:

## FACTUAL BACKGROUND

1. Plaintiff Byers was employed by Cleveland Inspection Services, Inc. for approximately 6.4 years. During that time, Cleveland Inspection Services performed those services now performed by ENGlobal U.S.

2. Effective September 28, 2004, ENGlobal purchased the assets of Cleveland Inspection Services. The purchased assets included all physical assets, trade names, and business good will.

3. After the purchase of Cleveland Inspection Services, Plaintiff Byers continued to do the same work as before the purchase, except he was employed by ENGlobal to do what was previously done by Cleveland Inspection Services.

4. Purchase of the Cleveland Inspection Services goodwill and business was a vital part of the transaction as was control over the use in the marketplace of the prior business name and logo.

5. On March 16, 2009, ENGlobal entered into a written employment agreement with Plaintiff Byers, a copy of which was attached as Exhibit A to the Complaint. That agreement prohibits Plaintiff Byers from soliciting or selling to a customer of ENGlobal any product or services which was then sold or offered by ENGlobal for a period of three (3) years following the termination of his employment.

6. Plaintiff Byers' employment with ENGlobal U.S. ended on March 14, 2011.

7. Plaintiff Byers' has, on information and belief, formed and operates a business he calls "Cleveland Integrity Services," which is deceptively similar in name to the business name "Cleveland Inspection Services," which is the name and business that ENGlobal purchased.

8. Plaintiffs have adopted and used a logo which is substantially identical to the "Cleveland Inspection Services" log which ENGlobal purchased.

9. The logo used by Cleveland Inspection Services is as follows:



10. The logo now being used by Plaintiffs for Cleveland Integrity Services to compete in the same market and solicit customers is as follows:



11. Use of the name Cleveland Integrity Services is deceptively similar to the name Cleveland Inspection Services. Use of the abbreviated name CIS for Cleveland Integrity Services is identical to the abbreviated name CIS for Cleveland Inspection Services. These deceptive similarities, coupled with the deceptively similar logo used by

Plaintiffs is, on information and belief, designed to capture the very market and the very good will that was sold to ENGlobal when it purchased CIS.

12. Since forming Cleveland Integrity Services and leaving his employment with ENGlobal, Plaintiff Byers has solicited the customers of ENGlobal.

13. By using a similar name and identical logo to provide those services previously provided by Cleveland Inspection Services, Inc., Plaintiffs have attempted to pass off their services as those of Cleveland Inspection Services, Inc. Use of the similar name and identical logo is calculated to, and is likely, to confuse customers.

14. Each allegation of these counterclaims are incorporated in each of the individual counterclaims.

## FIRST COUNTERCLAIM

### Unfair Competition

15. By creating confusion in the marketplace Plaintiff has engaged in unfair practices causing ENGlobal to suffered damages as well as other irreparable harm.

## SECOND COUNTERCLAIM

### Deceptive Trade Practices

16. By engaging in the deceptive practices described, Plaintiff has mislead or has attempted to mislead customers regarding the provider of services causing ENGlobal to suffer damages as well as other irreparable harm.

## THIRD COUNTERCLAIM

### Breach of Contract

17. Plaintiff Byers has breached the contract, by *inter alia*, soliciting ENGlobal's customers and caused ENGlobal to suffer actual damages.

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.


By: *s/Rebecca M. Fowler*
 Rebecca M. Fowler, OBA No. 13682
 Tom Q. Ferguson, OBA No. 12288
 Two West Second Street, Suite 700
 Tulsa, Oklahoma 74103-3117
 Telephone (918) 582-1211
 Facsimile (918) 591-5360
 rfowler@dsda.com
 tferguson@dsda.com

 Attorneys for Defendants ENGlobal Corporation and ENGlobal U.S., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 17th day of October, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

 Jessie V. Pilgrim:
 jpilgrim@moyersmartin.com


 *s/Rebecca M. Fowler*
 Rebecca M. Fowler

2266195v1